**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Michael Werner, et al.,

                Plaintiffs,

    v.

Ford Motor Company,

                Defendant.

Case No. 1:06cv092

Judge Michael R. Barrett

## ORDER

This matter is before the Court pursuant to Plaintiffs' Rule 12(c) Motion for Judgment on the Pleadings (Doc. 10).  Defendant filed a memorandum in opposition to Plaintiffs' motion (Doc. 15).  Plaintiffs filed a reply brief in support of their motion (Doc. 16). This matter is ripe for review.

FACTS

Plaintiffs are husband and wife and both employed by Defendant Ford Motor Company.  (Doc. 1, ¶2; Doc. 2, ¶2).  In January, 2006 Plaintiffs learned that their son[1] needed surgery, which was scheduled for February 9, 2006. (Doc. 1, ¶3; Doc. 2, ¶3).  Each Plaintiff separately requested unpaid leave from Ford in order to be with their son during his surgery and while he recuperated. (Doc. 1, ¶5; Doc. 2, ¶5).  Ford's company doctor determined that each of the Plaintiffs were medically qualified for Family and Medical Leave Act of 1993 ("FMLA") unpaid leave of absence. (Doc. 1, ¶7; Doc. 2, ¶7).

On January 30, 2006, Ford notified each Plaintiff that "company policy does not grant FMLA protection to both parents to care for the same family member on the same

---

[1]The son is actually Janice Werner's son and Michael Werner's stepson.  However, that fact is of no consequence to the Court.  See 29 USCS §2611; 29 CFR 825.113.

date." (Doc. 1, ¶8; Doc. 2, ¶8). Notwithstanding this policy, Plaintiffs took off work from February 9th through February 14th. (Doc. 1, ¶11; Doc. 2, ¶11). Plaintiffs assert that upon their return to work they were each informed that they were absent without leave and that they may be subject to further discipline. (Doc. 1, ¶12; Doc. 2, ¶12). Plaintiffs also assert that, to date, they have not suffered any monetary damages due to Ford's policy but they seek equitable relief.

Without reference to the record, Ford asserts that neither Plaintiff complied with the statutory requirements as set forth in the FMLA. Specifically, relying on 29 USCS 2613(b)(4), (5), (7), Ford states that it informed Plaintiffs that, pursuant to the FMLA, they each needed to obtain medical certification that stated the need for both parents to be off work at the same time. Additionally, Ford asserts that Plaintiffs were, in fact, approved for FMLA leave. Plaintiff Janice Werner was approved for February 9th through February 14th. Plaintiff Michael Werner was approved for February 9th and 10th. Plaintiff Michael Werner was marked "absence" from work on February 13th and 14th.

Plaintiffs filed the complaint in this matter on February 22, 2006.

ARGUMENTS

Plaintiffs argue that "the essential facts as set forth in the pleadings are undisputed, and the sole material dispute between the parties is purely a matter of law." (Doc. 10, p2). Defendant counters that Plaintiffs have failed to establish the required elements to obtain declaratory relief. Specifically, Defendant argues that there is no real controversy, there is no justiciable controversy and speedy relief is not necessary.[2] Defendant also argues

---

[2]Defendant relies on Ohio case law to support its position; however, this Court must rely on 6th Cir. precedent.

that Plaintiffs failed to comply with the FMLA.

ANALYSIS

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is evaluated under the same standard as a motion to dismiss. *Thomas v. Gee*, 850 F.Supp. 665, 668 (S.D. Ohio 1994), *citing*, *Amersbach v. City of Cleveland*, 598 F.2d 1033, 1038 (6th Cir. 1979). In ruling upon such motion, the Court must accept as true all well-pleaded material allegations of the pleadings of the opposing party, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment. *Id.*, *citing*, *Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973).

A.    Declaratory Judgment

When determining whether a case is appropriate for declaratory judgment, the Sixth Circuit Court of Appeals mandates that district courts consider five (5) factors, which include:

(1) whether the judgment would settle the controversy;

(2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue;

(3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata";

(4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and

(5) whether there is an alternative remedy that is better or more effective.

*Bituminous Cas. Corp. v. J & L Lumber Co., Inc.*, 373 F.3d 807, 813 (6th Cir. 2004)*(citing*

*Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000)).  The Court shall address each of these factors individually.

      1.     Whether the judgment would settle the controversy.

      First, the Court needs to determine if, in fact, there is a controversy.  Defendant argues that there is not a controversy because Plaintiffs initially requested continuous and intermittent FMLA leave from February 9, 2006 to May 9, 2006; however, Plaintiffs only missed four days of work, February 9th, 10th, 13th, and 14th, and neither Plaintiff has requested any intermittent leave.  There does appear to be a dispute as to how the four days of work that each Plaintiff missed were treated.  Plaintiffs assert they were absent without leave and Defendant asserts that Plaintiff Janice Werner's FMLA leave was approved for all four days and that Plaintiff Michael Werner had approved FMLA leave for two days but not for the other two.  However, this assertion directly conflicts with Defendant's Answer wherein it states: "Defendant avers that upon Plaintiffs' return to work they were informed by their supervisor that they were on notice that they may possibly be subject to discipline for being absent without leave." (Doc. 2, ¶12).  This statement does not support Defendant's allegation that FMLA leave had been approved.  Furthermore, even if the Court were to accept Defendant's unsupported assertion that the FMLA leave was approved as stated above, Plaintiff Michael Werner had only two days of FMLA leave approved and thus was absent two days without approval.

      Additionally, Defendant argues that neither Plaintiff was disciplined for these absences.  Plaintiffs allege in their complaint that each were separately informed that they were absent without leave and that they may be subject to further discipline (Doc. 1, ¶11).  Plaintiffs argue that the use of the words "further discipline" shows that Plaintiffs were, in

4

fact, already punished by being considered absent without leave and that this put a "black mark" in their employee files.  Although Defendant does not admit it used the words "further discipline," it does state that the Plaintiffs "were on notice that they may possibly be subject to discipline for being absent without leave."  (Doc. 2, ¶12).  Based upon the record before the Court, it is clear that Defendant considered Plaintiffs as being absent without leave and that Plaintiffs believe they were entitled to FMLA leave.  The Court finds is to be a controversy.

Finally, Defendant argues that Plaintiffs failed to submit all the necessary medical certification, including a statement that the both employees were needed to care for the child.  In fact, in its Answer it denies that Plaintiffs filed out all the required forms and provided all the required documentation.  (Doc. 2, ¶6).  However, Defendant admits that it notified each of the Plaintiffs that "company policy does not grant FMLA protection to both parents to care for the same family member on the same date."  (Doc. 2, ¶8).  Thus, even if Plaintiffs had submitted all the necessary information, which Plaintiffs assert that they did, company policy would still have denied one of the plaintiffs the requested leave.

The fact that Plaintiffs have not yet suffered any monetary damages does not change the Court's view of the controversy.  The Plaintiffs did not allege any monetary damages in their complaint and the FMLA does provide for equitable relief should an employer "interfere with, restrain, or deny the exercise of" FMLA rights.  See 29 USC §2615(a)(1) and 2617(a)(2).

Based upon the foregoing, it is clear to the Court that a judgment would settle the controversy as a judgment would state whether Ford's policy is in violation of the FMLA and would remove the determination of Plaintiffs' absence as "without leave."  Accordingly,

5

the Court finds that the first factor does weigh in favor of the Court considering the Plaintiff's complaint for declaratory judgment.

> (2)     Whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue.

The declaratory judgment action would, in fact, be useful in clarifying the legal issue as this issues appears to be one of first impression.  Accordingly, the Court finds that this factor does weigh in favor of the Court considering the Plaintiff's complaint for declaratory judgment.

> (3)     Whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata."

It does not appear that Plaintiffs are forum shopping or using this Court for procedure fencing.  Plaintiffs filed this action within 7 days of their return to work. Accordingly, the Court finds that this factor does weigh in favor of the Court considering the Plaintiff's complaint for declaratory judgment.

> (4)     Whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction.

In *Bituminous*, the Court stated that there are three additional factors district courts should consider when determining whether a declaratory judgment action would increase friction between federal and state courts.  These include:(1) whether the underlying factual issues are important to an informed resolution of the case;(2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and (3) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.  *Bituminous* at 814-15 (*quoting Scottsdale*, 211 F.3d

6

at 968).  All these factors favor the consideration of the declaratory action.  The issue in this case is the Family and Medical Leave Act, a federal statute, with no nexus to state law.

(5)     Whether there is an alternative remedy that is better or more effective.

There are no alternative remedies available to the Plaintiffs.  Plaintiffs could wait until such time that both employees are punished for their unauthorized absences or when the need to request simultaneous FMLA leave again arises, however, the Court does not find that to be more effective.  It is in the interest of judicial economy to address this issue now.

Thus, taking the Defendants factual assertions as true, even without references to the record, the Court finds that the issue is a matter of law that can be determined by the Court at this time.

B.     Family Medical Leave Act

Congress determined that "it is important for the development of children and the family unit that fathers and mothers be able to participate in early childrearing and the care of family members who have serious health conditions."  29 USC 2601(a)(2).  The FMLA entitles eligible employees to a total of 12 workweeks of leave during any 12-month period "in order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition."[3]  29 USC 2612(a)(1)(C).

The issue before this Court is whether an employer can limit the FMLA leave of husband and wife employees who both request simultaneous leave to care for the same child who has a serious health condition.  It is clear that Congress gave consideration to

---

[3]It is undisputed that Plaintiffs were eligible employees and that their son's illness and surgery constituted a serious health condition.

spouses who work for the same employer. See 29 USC 2612(f).  Although it is not directly on point to the issue currently before this Court, it does provide guidance as to the Congressional intent.  29 USC 2612(f) states : "In any case in which a husband and wife entitled to leave under subsection (a) are employed by the same employer, the aggregate number of workweeks of leave to which both may be entitled may be limited to 12 workweeks during any 12-month period, if such leave is taken - [(A) because of the birth of a son or daughter of the employee and in order to care for such son or daughter, (B) because of the placement of a son or daughter with the employee for adoption or foster care]; or to care for a sick parent under subparagraph (C) of [subsection (a)(1)]." (See above).  It is clear that the Congressional intent was to allow employers to limit FMLA leave of spouses by giving employers the ability to aggregate the number of workweeks between spouses <u>only</u> when a child is born, adopted (or placed from foster care), or to care for a sick parent.   Thus, based upon the plain reading of the statute, employers are <u>not</u> permitted to aggregate the workweeks of spouses who need to care for a sick spouse or a child.   Each spouse is entitled to 12 separate workweeks of leave per 12 month period to care of the other spouse or a child.

In addition, the Code of Federal Regulations discuss the FMLA and provide examples as to how much leave a husband and wife may take if they are employed by the same employer.  See 29 CFR 825.202.  The regulations provide that if a husband and wife both use a portion of the total 12 week aggregated leave for a reason set forth in 29 USC 2612(f), each spouse would still be entitled to the difference between the amount he or she has taken individually and the 12 weeks for FMLA leave for a purpose other than those contained in 29 USC 2612(f).  It states, "For example, if each spouse took 6 weeks of leave

8

to care for a healthy, newborn child, each could use an additional 6 weeks due to his or her own serious health condition or to care for a child with a serious health condition." 29 CFR 825.202(c).  This example, as well as the regulations and statute, is ambiguous as to whether or not the leave can be taken simultaneously.  However, based upon the purpose of the Act and that subsection (f) excludes the care of a sick spouse or child from the aggregation of workweeks for spouses employed by the same employer, the Court finds that it was Congress' intent to permit spouses employed by the same employer to take simultaneous leave under the FMLA.  Otherwise, parents would have to choose which parent was to be by the bedside of their sick child and which had to work.  To find otherwise would be in direct contrast to the purpose of the Act.  Thus, Ford's policy violates the FMLA and Ford is enjoined from disciplining Plaintiffs in violation of their FMLA rights. Plaintiffs are entitled to reasonable attorney fees, expert witness fees and costs as set forth in 29 USC 2617(a)(3).  Such fees and costs shall be determined by the Court at a later date.

Thus, Plaintiff's rule 12(c) motion for judgment on the pleadings is hereby GRANTED.  This matter is hereby closed, pending a determination of fees and costs.

**IT IS SO ORDERED.**

 *s/Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court